IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JONATHAN E. PARVIS** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | Civil No. PJM 06-408 |
| **DAVID VARGAS, et al** | * | |
| | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

Defendant Penn-America Insurance Co. has filed a Motion for Summary Judgment on the grounds that the Penn-America commercial general liability insurance plan that Defendant David Vargas holds on Heisman's Sports Bar in La Plata, Maryland excludes coverage for injuries sustained by Plaintiff Jonathan Parvis as a result of Vargas's alleged negligence. For the following reasons, the Court GRANTS the Motion.

I.

On November 22, 2001, Parvis was using the pool table at Heisman's Sports Bar when, for reasons unspecified in the pleadings but presumably because behavior on Parvis's part was deemed unruly, Vargas asked a club bouncer to remove Parvis from the premises. Parvis alleges that the bouncer beat and kicked him about the face and forcibly ejected him from the bar resulting in severe injury.

Parvis originally filed a complaint against Vargas in the Circuit Court of Charles County, later amended to add Penn-America as a defendant, in which he sought a declaratory

judgment that Vargas's Penn-America insurance provides indemnification of Vargas against liability for Parvis's injuries. Penn-America removed the case to this Court.

II.

Penn-America argues that it is relieved of any duty to defend or indemnify Vargas by reason of a rider to Vargas's policy. The relevant section of the rider reads:

> In consideration of the premium charged it is hereby understood and agreed that this policy will not provide coverage, meaning indemnification or defense costs for damages alleged or claimed for:
>
> "Bodily injury", "Property damage", Personal injury, Advertising Injury, Medical Payments or any other damages resulting from **assault and battery or physical altercations** that occur in, on, near or away from the insured's premises.

Mot. SJ, Ex. 2 (emphasis added).

Penn-America argues that in *Penn-America Ins. Co. v. Lewis*, 395 F. Supp. 2d 250 (D. Md. 2005) Judge Motz of this Court construed the very same rider to a Penn-America policy held by nightclub owner Paradox Entertainment Group. There the plaintiff sustained injuries after being thrown through a door by a club bouncer. The question before the court was whether the incident could be described as an assault and battery, hence excludable under the rider. As Judge Motz put it, "The gravamen of Lewis's allegations . . . was that the bouncer beat her up without just cause. Such conduct constitutes an assault and battery and is excluded under the express language of Penn-America's policy." *Id.* at 254. Penn-America maintains that the gravamen of the present case is identical to that in *Lewis*, that Vargas's bouncer beat up Parvis without just cause and that that conduct constitutes an assault and battery under the exclusion.

Parvis responds that here the bouncer believed that he was acting *with just cause*, whereas in *Lewis* the plaintiff was beaten *without just cause*, such that the bouncer's actions in the present case cannot be considered an assault and battery. Since the bouncer was simply doing his

job and was not otherwise motivated by anger or resentment, his actions are better described as a reasonable use of force rather than an assault and battery. Indeed, Parvis invites the Court's attention to a clause in Vargas's policy that provides coverage for "the use of reasonable force to protect persons or property." Mot. SJ, Ex. 1. The key question, says Parvis, is whether the bouncer's use of force was reasonable or unreasonable. Whichever a trier of fact might conclude -- and Parvis admits that his "cause of action would fail" if the bouncer's actions were deemed reasonable (Plt's Resp., 2) -- Parvis argues that the bouncer's actions did not amount to an "assault and battery" or for that matter a "physical altercation[]" under the terms of the rider.

### III.

Parvis's argument is both misplaced and self-defeating. The issue is not what the bouncer believed; it is whether, objectively speaking, his actions were reasonable or unreasonable, and, more precisely, what it is Parvis alleges in his complaint. If the bouncer's actions were reasonable, the liability policy will trigger Penn-America's duty to defend, but there can be no liability on Vargas's part, hence there would be no occasion for Penn-America to indemnify Vargas. If, on the other hand, the actions of the bouncer were unreasonable, then the only meaningful way to characterize them would be as an assault and battery.

The thrust, or "gravamen" as Judge Motz put it, of Parvis's complaint is that a bouncer working for Vargas threw Parvis out of Heisman's Sports Bar injuring him. There is no relevant difference between this allegation and the one at issue in *Lewis*. Parvis, like Lewis, alleges an "assault and battery" under the contract or, at the very least, a "physical altercation[]" under the same clause. That Parvis charges that Vargas negligently supervised the bouncer does not transform what is indisputably an assault and battery into a negligence claim. The underlying action by the bouncer would have to be established before Vargas could be deemed liable -- if reasonable,

Vargas would not be liable; if unreasonable, there would be no coverage by reason of the assault and battery exclusion.

IV.

For the foregoing reasons, the Court GRANTS Penn-America's Motion for Summary Judgment.

A separate ORDER accompanies this Memorandum Opinion.

December 5, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE